Isaiah **HEDGEPETH, Jr.,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19726.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 18, 1966.

Decided July 27, 1966.

Mr. Herman M. Braude, Washington, D. C., with whom Mr. Marvin P. Sadur, Washington, D. C. (both appointed by this Court) and Mr. Francis J. Pelland, Washington, D. C., were on the brief, for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, BURGER and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

This is an appeal from a conviction in the District Court, in Crim. No. 598–64, on nine counts of violations of the federal narcotics laws, 26 U.S.C. §§ 4704(a) and 4705(a) and 21 U.S.C. § 174. It involves offenses distinct from those for which appellant was convicted in Crim. No. 570–64, which another panel of this court affirmed in Hedgepeth v. United States, U.S.App.D.C., 364 F.2d 684, No. 19509, decided June 30, 1966.

Appellant urges that the evidence at trial established entrapment as a matter of law. This case does not present the unusual circumstances which are needful before we consider such a contention where the defense of entrapment was not raised at trial. See Cratty v. United States, 82 U.S.App.D.C. 236, 243, 163 F.2d 884, 851 (1947).

We turn to consideration of appellant's main argument, that the delay between his arrest and trial constitutes a denial of a speedy trial in violation of the Sixth Amendment. Appellant was indicted by the grand jury on June 29, 1964. At that time he was already in custody for lack of bail, awaiting trial on the charges of which he was convicted in No. 19509.[1] On July 2, appellant pleaded not guilty at arraignment, and the trial date was set for the week of August 10. On August 5, however, the court of its own motion continued trial date to the week of August 31, because the judges assigned to try criminal cases were scheduled to sit on a three-judge court on August 10. It is plain that this continuance would have been required by appellant in any event to give his second counsel time to prepare. On July 21, his first counsel, appointed in both this case and No. 19509, had asked to be relieved. The second counsel was appointed August 3, and on his motion for additional time to prepare, the court, on August 6, granted a continuance of the trial date to the week of September 28. On August 26, this second counsel sought leave to withdraw because on interview "it became apparent that no proper rapport could ever be established between counsel and defendant." On September 10, the court appointed a third counsel, who remained as appellant's counsel through the trial in both this case and No. 19509.

The trial date was extended to March 15, 1965, by a series of four continuances granted at the request of appellant's counsel—initially, to give counsel time to prepare for trial, then to accommodate personal medical problems of counsel, and finally by virtue of appellant's letter of January 12, 1965, expressly acquiescing in the last of these continuances.[2]

1. For convenience we are referring to the events in District Court Crim. No. 570–64 by its docket number in the Court of Appeals, No. 19509.

2. Appellant's letter, obviously typed in the office of his counsel, shows as a refer-

ence: "Re: United States v. Isaiah Hedgepeth, Jr. and William Green, Jr." That case is No. 19509. As appears in our opinion in No. 19509, the underlying reason for the continuance was to await release from Saint Elizabeths of Green, whom defendant wanted to call as a wit-

The case was called for trial on March 15, 1965, along with No. 19509. The prosecutor announced ready, but sought a continuance in order that appellant might be tried first in No. 19509, together with his co-defendant Green. When the court inquired as to the possibility of severance of defendants, the prosecutor replied, "I would prefer to have them both tried at the same time." Defense counsel stated he had no objection. The court asked what trial date would be satisfactory to defense counsel. The prosecutor suggested that the order setting trial date be determined on March 17, the date set for Green's competency hearing, and the March 15 session ended on that note.

The jacket entry for March 15, 1965 in the case at bar (Crim. 598–64) states: "Case called for trial. Govt. to proceed first in Crim. No. 570–64." According to the Government's brief, the case at bar "was evidently placed on inactive status thereafter." On March 17, No. 19509 was continued again to permit an independent psychiatric examination of Green. Green was found competent to stand trial on May 11, and appellant was tried and convicted in No. 19509 on May 12, 1965.

The jacket shows no entries between March 15, 1965, as related, and August 10, 1965, when the case at bar was called for trial. It was continued two days to August 12. At that time it was continued again, to August 23, at the request of the Government, due to illness of an essential Government witness. On August 16, appellant moved to dismiss for failure to provide a speedy trial. The motion was denied after a hearing on August 19. Appellant was tried and convicted on August 24, 1965. Appellant was sentenced to minimum terms as a second offender under the narcotics statutes, the sentences to run concurrently with identical sentences imposed a few months earlier in No. 19509. Since the sentences imposed in this case will run to a date later than those in No. 19509, this appeal is not moot.

■ The applicable general principles are set forth in Hedgepeth v. United States, U.S.App.D.C., 364 F.2d 684, No. 19509, decided June 30, 1966. Briefly the question whether there has been denial of the right to a speedy trial depends on the circumstances of the case, and requires consideration of the length of delay; reasons for the delay; diligence of prosecutor, court and defense counsel; and reasonable possibility of prejudice from the delay.

■ Here, the total elapsed time between indictment and trial in this case is almost fourteen months, during which time appellant was incarcerated. The delay is not so long as by itself to establish conclusively denial of speedy trial. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). But it certainly is a long delay—unusually long for this District—and requires us to give close scrutiny to the other factors.

■ The 8½ months of delay, until March 15, 1965, clearly did not constitute a denial of a speedy trial. The originally scheduled trial date of August 10, 1964 was reasonably prompt. The delays from then until March 15, 1965 are fairly attributable to appellant's counsel, with the last delay explicitly endorsed by appellant himself. But, as we said in our opinion in No. 19509, the fact that this delay is attributable to appellant does not mean that it is to be disregarded in considering whether a speedy trial was denied if there is an additional delay for which appellant is not responsible.

As the Government admits, appellant cannot be charged with responsibility for the delay of almost 5½ months between March 15, 1965, and his trial on August 24, 1965. There is nothing in the record

---

ness. As we read the transcript for the January 14 session, called for both cases, appellant's counsel indicated that appellant wanted Green as a witness in both cases (though this was not stated in the letter) and acquiesced in the delay in both cases.

to indicate that it was his desire that the other case against him be tried first. On the other hand, his counsel never objected to this plan. At the hearing on appellant's January 14, 1965 motion for continuance, the court made clear that it understood—and appellant's counsel did not speak to the contrary—that appellant's reason for delay was his desire to call Green as a witness in the case at bar as well as in No. 19509. It was not until May 11, 1965, that Green was found competent to stand trial after an independent psychiatric examination.

■ As the Supreme Court noted in *Ewell* (383 U.S. at 120, 86 S.Ct. 773), criminal proceedings may involve the delay inherent in a deliberate pace appropriate to satisfy other constitutional and procedural safeguards of criminal defendants. In this case the delay involved both the protection of co-defendant Green, on the competency issue, and appellant's desire to call Green as a witness.

We see no explanation or excuse for the delay of over three months between appellant's trial and conviction in No. 19509, on May 12, 1965, and his trial in the case at bar, on August 24, 1965. This delay, coming on top of almost a year of prior delay, is a troublesome one. However, we conclude that the delay was not unreasonable because of the factors establishing that it was unlikely that the delay resulted in prejudice.

■ The Sixth Amendment right affords essentially a "dual protection: against prejudice to a defendant's defense, and against prejudice to his person."[3] "This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, (1966). Considering first the elements of prejudice to appel-

lant's person, detention from May to August does not constitute prejudice since appellant was detained in any event under his conviction in No. 19509. And to a defendant already convicted in May of an offense carrying a minimum 10-year sentence, the additional anxiety of waiting until August for another trial on similar charges may fairly be taken as inconsequential, in the absence of a showing to the contrary. His anxiety, if any, did not lead to a demand for expediting the second trial.

Turning to the problem of prejudice to appellant's defense, there seems to be no substantial possibility that the defense was hampered by the passage of additional time.

In moving to dismiss, his trial counsel did not claim that the delay had impaired appellant's ability to answer the charge. His counsel on appeal suggests it did, pointing to the fact that appellant testified he could not remember "particularly" one of the days in question, and that he called no witnesses in his defense.

Appellant had been aware since his indictment on June 29, 1964, of the charges that he sold narcotics on the days in question. In the absence of a claim at trial, which could have been the subject of a hearing, there seems little substance in an assertion on appeal that any weakness in his trial testimony concerning 1964 occurrences was attributable to an impairment of memory between May and August of 1965. There was no suggestion that he was unable in August 1965 to bring forward alibi or other witnesses who could have been produced at an earlier date. It was peculiarly within the knowledge and province of appellant and his trial counsel to bring such contentions forward to the trial court.

In considering the possibility of prejudice, we deem it proper to advert to the silence of defense counsel between March

---

3. Sirica, J., in United States v. Hanrahan, D.D.C.Crim., 255 F.Supp. 957, June 24, 1966. See generally, Note, *The Lagging Right to a Speedy Trial*, 51 VA.L.REV. 1587 (1965).

15 and August 16—particularly in view of his motion to dismiss for lack of speedy trial filed May 11 in No. 19509. Aware of the speedy trial problem, counsel could have moved for a prompt trial in the case at bar after appellant's conviction in No. 19509; and he presumably would have so acted, if necessary to avoid prejudice to appellant's defense in this case. His silence may have reflected a realistic assessment that in this case, as in many others where testimony of guilt is strong and without rebuttal other than by defendant, delay was a source of vague hope rather than anxiety, the hope of a possible lapse of prosecution interest or deterioration of Government evidence or testimony.

In the circumstances, we conclude that appellant's constitutional right to a speedy trial has not been abridged.

Affirmed.

FAHY, Circuit Judge, dissents.