**Jean D. DOCKERY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20828.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 8, 1968.

Decided Jan. 31, 1968.

---

Mr. Jacob Goldberg, Washington, D. C., with whom Mr. Norman A. Flaningam, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Lawrence Lippe, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and John H. Treanor, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and EDGERTON, Senior Circuit Judge, and MCGOWAN, Circuit Judge.

PER CURIAM:

This appeal is from a narcotics conviction. Appellant's trial was held fifteen months after her arrest. Except for four continuances on her account, which totalled three months, almost all the long delay was caused by preferences which the court was giving to cases in which a defendant was incarcerated while this appellant was free on bond. Her retained counsel made no demand for a speedy trial. Her trial took place shortly after her bond was revoked and she was committed to jail.

In these circumstances we think the delay, though long, was not unreasonable and therefore did not violate appellant's Sixth Amendment right to a speedy trial. "Briefly the question whether there has been denial of the right to a speedy trial depends on the circumstances of the case, and requires consideration of the length of delay; reasons for delay; diligence of prosecutor, court and defense counsel; and reasonable possibility of prejudice from the delay." Hedgepeth v. United States, 125 U.S.App.D.C. 19, 21, 365 F.2d 952, 954 (1966). No doubt "the very assumption of the Sixth Amendment is that unreasonable delays are by their nature prejudicial." Hedgepeth v. United States, 124 U.S.App.D.C. 291, 294 n. 3, 364 F.2d 684, 687 n. 3 (1966). But where, as here, no serious prejudice is alleged, this fact may well be considered along with other circumstances in determining whether delay was unreasonable.

There is no merit in appellant's other contention.

Affirmed.