**Connie WILKINS, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20676.**

United States Court of Appeals District of Columbia Circuit.

Argued March 6, 1968.

Decided April 11, 1968.

Petition for Rehearing En Banc Denied July 3, 1968.

---

Mr. Peter L. Truebner, Washington, D. C., with whom Mr. William W. Greenhalgh, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. William G. Reynolds, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee. Mr. Geoffrey M. Alprin, Asst. U. S. Atty., also entered an appearance for appellee.

Before BURGER, McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

This is an appeal from convictions of robbery, 22 D.C.CODE § 2901 (1967), assault with a dangerous weapon, 22 D.C. CODE § 502 (1967), unauthorized use of a vehicle, 22 D.C.CODE § 2204 (1967), and interstate transportation of a stolen vehicle, 18 U.S.C. § 2312 (1964). The primary issue on appeal concerns the alleged violation of Appellant's sixth amendment right to a speedy trial.

Appellant was arrested on May 11, 1965; his trial occurred in October, 1966, some sixteen and one-half months later. While the time lapse in this case was indeed long, it is but one factor to be considered in the overall determination of the right to a speedy trial. Other factors of importance are the reasons for delay, the diligence of prosecution and defense counsel, and possible prejudice to the defendant. Hedgepeth v. United States, 124 U.S.App.D.C. 291, 364 F.2d 684 (1966).

The record reveals that the delays in this case were for varied reasons. The major cause appears to be the preferences given to jail cases in a period when the criminal docket is inordinately heavy in relation to judicial manpower. In the instant case, Appellant remained at liberty under bond for most of the time here involved. We have only recently indicated that court preference to cases in which a defendant was incarcerated pending trial is appropriate. Dockery v. United States, 129 U.S.App.D.C. ——, 393 F.2d 352 (decided January 31, 1968). As to the prejudicial aspect, since Appellant remained free on bond and since the record does not demonstrate any effort on his part to advance trial, perhaps in light of the fact that the instant charges were but one series of charges pending against him,[1] we find no prejudice to the Appellant. The only contention of prejudice to Appellant's defense is that a defense witness, who is alleged to have been at an "alibi" birthday party, died before trial. Appellant claimed that there were others at this party including one person who so testified at trial. None of the other persons present at the party came forward and none were sought by subpoena, including one Fox whose absence on September 21, 1966, resulted in Appellant's requesting and obtaining a continuance. Under these circumstances we find no significant

---

1. In addition to the instant case, Appellant was found guilty of a second robbery, Crim. No. 613–66, and sentenced to five to fifteen years to be served consecutively with the sentence in the present case. Appellant was found not guilty of a third robbery charge, Crim. No. 921–65, and a fourth, Crim. No. 861–66, is still pending. He also stands convicted of robbery and other charges in Maryland.

basis for a claim of prejudice. Accordingly, we find no violation of Appellant's right to a speedy trial. We have examined the other issues raised on appeal and find no basis for disturbing the judgment.

Affirmed.