**Roosevelt BYNUM, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20980.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 13, 1968.

Decided Nov. 12, 1968.

Certiorari Denied March 24, 1969.
See 89 S.Ct. 1211.

---

**1208**

Mr. Edgar T. Bellinger, Washington, D.C. (appointed by this court) for appellant.

Mr. Carl S. Rauh, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Seymour Glanzer, Asst. U. S. Attys., were on the brief, for appellee.

Before BURGER, LEVENTHAL and ROBINSON, Circuit Judges.

LEVENTHAL, Circuit Judge:

On consideration of defendant's appeal from a judgment of sentence for 5 to 15 years, following a jury conviction of manslaughter on an indictment for second degree murder, we find no prejudicial error.

■ 1. One of appellant's contentions, not presented to the trial judge, is that the charge did not make clear that the prosecution's burden of proving guilt beyond a reasonable doubt extended to the self-defense question. We do not find plain error. Isolated sentences in the charge may raise problems. But we think the charge, taken as a whole, made clear to the jury the Government's burden of showing beyond a reasonable doubt that defendant did not act in self-defense.

2. More troublesome is appellant's contention that he was denied a speedy trial because of undue delay between the date of his arrest, August 15, 1965, and date of trial on February 6, 1967—some 537 days later.

This delay is long—too long to be viewed with equanimity—and long enough to establish a prima facie case of undue delay.[1] This point also, however, appears for the first time on appeal.

■ It counts heavily against the claim on appeal that defendant failed to present the claim of denial of speedy trial at the trial level,[2] though we do not say it constitutes an outright waiver. A defendant not in confinement may be nothing loath to acquiesce in delay, if indeed he does not positively desire delay. The lack of trial objection has particular importance where, as here, there are delays not clearly attributable to one counsel or another. In this case some delays were attributable to prosecution postponements due to calendar demands. Others are chargeable to the prosecution, since the case was inert and the District Court's rules in effect gave the prosecutor control over the calendar.[3] How-

---

1. Hedgepeth v. United States, 125 U.S. App.D.C. 19, 21, 365 F.2d 952, 954 (1966).

2. See Mathies v. United States, 126 U.S. App.D.C. 98, 100 n. 1, 374 F.2d 312, 314 n. 1 (1967). One reason for insisting on timely objection below is that defendant should not be able to benefit from delay and then assert that same delay as error on appeal. A defendant at liberty may well prefer the freedom in the community to a prompt trial if he anticipates ultimate incarceration. De-

fendant may also hope to benefit from the possible future unavailability of prosecution witnesses, or haziness of their recollections, particularly since the prosecution has a heavy burden of proof. Defendant may also feel that there is a community tendency in cases bordering on the stale, if not too outrageous, to let bygones be bygones.

3. In view of this calendar control the prosecution cannot rest on the mere failure or inability of defendant to show that the delays were deliberate or willful

ever some postponements in this case were to accommodate defense counsel.[4] And the defendant failed to invoke the limited voice available to him in calendar control by moving to expedite trial, or for dismissal in view of the denial of speedy trial—which often serves to expedite a laggard on the calendar.

Perhaps the decisive consideration in this case is the lack of significant basis for a claim of prejudice to the defendant in the presentation of his case.[5] While the intervening time between observation of events and narration of them in court is generally likely to dim the observer's memory and handicap the search for truth, no substantial possibility appears in this case that the defense was weakened due either to unavailability or diminished recollection of witnesses. The only eyewitness to the homicide, other than defendant himself, was the estranged wife of the deceased, Mable Renfrow, who was keeping company with defendant at the time of both the offense and the trial. She did not recall all the events of the evening in vivid detail, but it is clear that she was in no position to shed light on the key issue of what transpired between defendant and the victim. By the time she observed them quarreling defendant had already drawn the knife on deceased. She left to call for the police and her presence at the scene was brief. It is most unlikely that any material item in her memory bank was erased by the passage of time.

Affirmed.

---

for the purpose of securing tactical advantage, although of course any such deliberate or willful delay would undoubtedly be decisive in establishing denial of defendant's rights. Smith v. United States, 118 U.S.App.D.C. 38, 331 F.2d 784 (1964) (en banc).

4. See Hedgepeth v. United States, 125 U.S.App.D.C. 19, 21, 365 F.2d 952, 954 (1966). Again these are not a waiver—especially since the calendaring system, at least as then applied, operated so that the dates set by the Assignment Commis-

sioner were pre-cleared as convenient to the prosecution, while even a short delay needed by defense counsel to avoid conflict required a motion.

5. See United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Evans v. United States (Philson v. United States) 130 U.S.App.D.C. 114, 397 F.2d 675 (May 8, 1968); Wilkins v. United States, 129 U.S.App.D.C. 397, 395 F. 2d 620 (Apr. 11, 1968); Hedgepeth v. United States, supra note 4, 125 U.S. App.D.C. at 22, 365 F.2d at 955.