**UNITED STATES of America**

v.

**Gregory G. ROBERTSON et al.**

**Crim. No. 1984–70.**

United States District Court, District of Columbia.

April 25, 1972.

Albert J. Ahern, Jr., Washington, D. C., for defendant Turner.

James E. Duggan, Washington, D. C., for defendant Smith.

David B. Lamb, Washington, D. C., for defendant Roberson.

George P. Lamb, Jr., Washington, D. C., for defendant Virgili.

Lee M. Modjeska, Washington, D. C., for defendant Miller.

Edwin A. Williams, Washington, D. C., for the United States.

**MEMORANDUM OPINION AND ORDER**

RICHEY, District Judge.

On November 23, 1971, this case came on before the Court for an Omnibus Motions Hearing. At that time, after ruling upon various motions not at issue here, the Court took defendant Smith's Motion to Dismiss the Indictment grounded upon the Fifth and Sixth

Amendments to the Constitution and Rule 48(b) of the Federal Rules of Criminal Procedure under advisement. Each of the remaining defendants present joined in this motion and they and the Government were given time to file additional motions and memoranda. Subsequently, Motions to Dismiss for Want of Speedy Trial were also filed by defendants Turner and Virgili and an opposition to same was filed by the Government.

On February 18, 1972, the Court heard extensive oral argument on the Speedy Trial motions and allowed time for supplemental memoranda to be filed by all counsel.

The defendants' motions raise two basic issues: (1) Whether the defendants' Due Process Right to a fair trial has been denied as a result of a one-year delay between November 24, 1969, when the Government first became aware of the alleged crimes involved here, and the subsequent return of the Indictment on November 3, 1970? (2) Whether the sixteen-month delay between the return of the Indictment and the scheduled trial date in the instant case requires dismissal under the speedy trial provision of the Sixth Amendment to the United States Constitution?

The Sixth Amendment provides in pertinent part that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." In the recent decision of United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the United States Supreme Court rendered the following interpretation of the preceding language of the Sixth Amendment:

"On its face, the protection of the amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution. These provisions would seem to afford no protection to those not yet accused, nor would they seem to require the Government to discover, investigate, and accuse any person within any particular period of time. The Amendment would appear to guarantee to a criminal defendant that the Government will move with the dispatch which is appropriate to assure him an early and proper disposition of the charges against him." 92 S.Ct. at 459.

In *Marion* the Supreme Court also discussed the applicability of Rule 48(b) of the Federal Rules of Criminal Procedure where it stated:

"No federal statute of general applicability has been enacted by Congress to enforce the speedy trial provision of the Sixth Amendment, but Rule 48(b) of the Federal Rules of Criminal Procedure, which has the force of law, authorizes dismissal of an indictment, information or complaint '[i]f there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial . . . .' *The rule clearly is limited to post-arrest situations.*" 92 S.Ct. at 463. (Emphasis added.)

The Supreme Court concluded that the dismissal of the federal indictment against Marion was not constitutionally required despite the three-year delay between the occurrence of the alleged criminal acts and the filing of the indictment. The Court stated:

"[I]t is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engages the particular protections of speedy-trial provision of the Sixth Amendment.

Invocation of the speedy-trial provision thus need not await indictment, information or other formal charge.

But we decline to extend the reach of the amendment to the period prior to arrest. Until this event occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer. Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself. But this possibility of prejudice at trial is not itself sufficient reason to wrench the Sixth Amendment from its proper context. Possible prejudice is inherent in any delay, however short; it may also weaken the Government's case." 92 S.Ct. at 463.

The Supreme Court then cited United States v. Ewell, 383 U.S. 116, 122, 86 S. Ct. 773, 15 L.Ed.2d 627 (1966), for the proposition that "the applicable statute of limitations . . . is . . . the primary guarantee against bringing overly stale criminal charges." United States v. Marion, *supra*, 92 S.Ct. at 464. Such statutes, however, guard against possible as distinguished from actual prejudice resulting from the passage of time between the occurrence of the alleged criminal acts and the arrest or charge. If it can be demonstrated that the pre-indictment delay has resulted in substantial prejudice to the defendant's rights to a fair trial, then the Due Process Clause of the Fifth Amendment would require dismissal of the indictment.

■ The Court finds at the present time that none of the defendants in the instant case has shown any actual prejudice which would make it necessary for the Court to dismiss these very serious charges. Furthermore, the defendants have failed to demonstrate to the Court's satisfaction that the pre-indictment delay in this case on the part of the Government was either purposeful or unreasonable. If, during the trial of this case, actual prejudice to any one of the defendants becomes apparent to the Court, the Court in the exercise of its discretion will again consider the speedy trial issue as to that defendant or defendants.

The second issue to be resolved is whether a sixteen-month delay between indictment and trial date requires dismissal of the charges in the instant case under the speedy-trial provision of the Sixth Amendment.

■■ In resolving this question the Court has considered "the length of delay; reasons for the delay; diligence of prosecutor, court and defense counsel; and reasonable possibility of prejudice from the delay." Hedgepeth v. United States, 125 U.S.App.D.C. 19, 21, 365 F. 2d 952, 954 (1966). The Court has carefully examined the totality of circumstances surrounding the delay, and it recognizes that the right to a speedy-trial is necessarily relative, since it requires a balance between the interest of the public in bringing criminals to justice and the interest of the citizen in being free from oppressive and vexatious delays. United States v. Bishton, D.C.Cir., 463 F.2d 887, at page 889, decided April 17, 1972; Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950 (1905). The Court finds that the defendants' right to a speedy trial has not been denied by the sixteen-month delay between the return of the indictment and the scheduled trial date.

■ As to defendants' claims of prejudice, the Court notes that at all times those defendants who are not fugitives have been free on bond, and with the exception of defendant Virgili, none of the defendants has claimed the unavailability of any witness due to the delay. While any such loss of a witness (claimed by the defendant Virgili) which is chargeable to the delay weighs heavily against the Government in these kinds of cases, it is noted that the prof-

fered loss of certain alibi witnesses does not amount to "actual prejudice" requiring dismissal of the indictment against the defendant Virgili prior to trial. *See,* United States v. Marion, *supra,* 92 S.Ct. at 464, 466.

Upon consideration of the aforementioned motions to Dismiss and Memoranda in support thereof, including extensive oral argument, by each of the counsel for the parties it is, by the Court, this 25th day of April, 1972.

Ordered, that the Defendants' Motions to Dismiss each be and hereby are denied.