**UNITED STATES of America**
**v.**
**Bernard RANSOM, Appellant.**
**No. 71–1506.**

United States Court of Appeals,
District of Columbia Circuit.

May 10, 1972.

Rehearing Denied June 7, 1972.

---

Mr. Robert L. Ackerly, Washington, D. C. (appointed by this court), was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry, Richard N. Stuckey, and Robert S. Tignor, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

Appellant was tried and convicted of second degree murder. He was sentenced to serve four to twenty years imprisonment. On this appeal, his main contention is that the period of thirty months between his surrender to police in September 1968 and his trial in March 1971 denied his Sixth Amendment right to a speedy trial. In the particular circumstances, we affirm.

Disposition of criminal charges should be as rapid as orderly procedures and adequate protection of the rights of the accused will permit, United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). Our prior decisions have identified a delay of more than one year between arrest and trial as giving "prima facie merit" to a Sixth Amendment challenge, e. g., Smith v. United States, 135 U.S.App.D.C. 284, 418 F.2d 1120 (1969); Hedgepeth v. United States, 125 U.S.App.D.C. 19, 365 F.2d 952 (1966).* Here, however, the delay fairly attributable to the Government is substantially less than one year, and, in the circumstances presented, was not unreasonable.

Following his surrender appellant was indicted for first degree murder. He was arraigned and pleaded not guilty on November 22, 1968. Late in February 1969, some three months later, he was offered the chance to plead guilty to second degree murder, an offer he accepted in April 1969. As of that point in time, we see no substantial Sixth Amendment

---

* As for cases being tried in 1972 and projected for the future, cases involving more than a six-month delay are properly subject to inquiry and need for justification.

claim, absent bad faith by the prosecutor or an unusually compelling showing of prejudice to the conduct of the defense.

Defendant makes no claim of bad faith by the prosecution. As for prejudice, appellant's stepfather, who would have been called as a defense witness, died on February 14, 1969, five months after appellant's surrender. But any prejudice that might have resulted from this absence would have existed even if trial had been held six months after arrest. Moreover, the trial judge ruled that the stepfather's written statement in support of appellant's version of the events leading to the victim's death, given to the police at the time of the surrender, would be admitted at trial.

■ Of the remaining elapsed time before trial, the bulk—from April 21, 1969, when he agreed to plead guilty, to October 1, 1970—cannot fairly be attributed to the prosecution. The first four months cannot be asserted as a basis of denial of a speedy trial, given defendant's communicated intention to plead guilty to a lesser offense and thus to forego trial. The fact that defendant who agrees to plead to a lesser offense is not awaiting trial does not mean he can be put away in jail and forgotten. But neither can he be heard to complain of deprivation of constitutional rights when the prosecution gives temporary priority to other business. And of course the time spent in jail prior to the taking of his plea (four months) was available for credit against his sentence.

The next 14½ months were consumed in satisfying appellant's demand for a pre-trial mental examination and a judicial determination of his competency. We deplore the increasingly long delays in determining competency that have accompanied our increasing sensitivity to the problems of competency of the accused, embodied in statutes and decisions expanding the nature and availability of competency inquiries, see 18 U.S.C. § 4244; D.C.Code 24-301; United States v. Burgin, 440 F.2d 1092 (4th Cir. 1971); Mitchell v. United States, 114 U.S.App.D.C. 353, 316 F.2d 354 (1963); Wear v. United States, 94 U.S.App.D.C. 325, 218 F.2d 24 (1954). But given the state of existing facilities, a measure of even unwelcome delay must be tolerated if we are to combine the speedy trial guarantee with the other elements of justice, here the competency determination process which the defendant himself initiated, compare Blunt v. United States, 131 U.S.App.D.C. 306, 404 F.2d 1283, cert. denied, 394 U.S. 909, 89 S.Ct. 1021, 21 L.Ed.2d 221 (1968), with United States v. Dunn, 148 U.S.App.D.C. 91, 459 F.2d 1115 (1972).

Finally, there is the period from October 1, 1970, until trial in March 1971. At the close of his competency hearing on October 1, appellant was found fit to stand trial. At that time he unequivocally repudiated his agreement to plead guilty. From then until trial only five months elapsed, a period in and of itself not enough to make out a denial of speedy trial. And it cannot fairly be cumulated with the initial delay of seven months: Following his agreement to plead guilty in April 1969, appellant's case would have been taken out of trial rotation. Once a trial again became necessary after defendant's repudiation, the process of scheduling of trial and preparation for trial had to begin anew.

We have considered appellant's other contentions—that the prosecution was improperly allowed to impeach defendant's testimony by extrinsic evidence on a collateral matter, and that he was denied a jury composed of a representative cross-section of his peers—but find them without merit. The judgment of conviction is

Affirmed.