UNITED STATES of America

v.

Hyacinthe T. NAPPER.

Crim. No. 83–164.

United States District Court,
District of Columbia.

Dec. 1, 1983.

See also, D.C., 574 F.Supp. 1521.

Stanley S. Harris, U.S. Atty. and Timothy J. Reardon, III, Asst. U.S. Atty., Washington, D.C., for the United States of America.

John W. Karr, Washington, D.C., for defendant.

CHARLES R. RICHEY, District Judge.

This matter is before the Court on defendant's Motion to Dismiss the Indictment on Grounds of Six and Fifth Amendment Violations and the government's opposition thereto. The defendant has been charged with supplying false information in a passport application in violation of 18 U.S.C. § 1542 (1976). She claims that her indictment should be dismissed pursuant to Fed. R.Crim.P. 12(b)(1) for three alternative reasons. First, she alleges that her Sixth Amendment right to a speedy trial has been violated. Additionally, she claims that her Fifth Amendment due process rights were violated because of an "unreasonable and prejudicial pre-indictment delay." Defendant's Memorandum at p. 14. Finally, the defendant alleges that her Fifth Amendment due process rights were violated because the government prosecuted her in retaliation of her lawful resistance to criminal charges pending in the Eastern District of New York.

Because the Court concludes that neither defendant's Fifth nor Sixth Amendment rights have been violated in this case, it cannot grant defendant's motion to dismiss the indictment.

## I. SIXTH AMENDMENT CLAIM

### THERE IS NO PRIMA FACIE EVIDENCE OF AN UNREASONABLE LENGTH OF DELAY

The defendant argues that her Sixth Amendment right to a speedy trial attached on December 23, 1981 when the Assistant United States Attorney assigned to represent the government in a removal hearing based on a criminal complaint filed in New York, informed this Court of a continuing investigation of the defendant which 19 months later led to an indictment in this Court. Specifically, the defendant contends that during the hearing in front of a United States Magistrate, the government levelled a public "accusation" against the defendant, subjecting her to "public obloquy", and personal anxiety. Defendant's Memorandum at p. 6. The defendant cites the Supreme Court decisions of *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) and *United States v. MacDonald*, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982) in support of her position that she became an "accused" on December 23, 1981, thus triggering her Sixth Amendment right to a speedy trial. The Court cannot agree with defendant's contentions.

The Sixth Amendment provides that in "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI. A literal reading of the Amendment "suggests that this right attaches only when a formal criminal charge is instituted and a criminal prosecution begins." *MacDonald*, 456 U.S. at 6, 102 S.Ct. at 1501. In *United States v.*

*Marion*, the Supreme Court specifically held that "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." 404 U.S. at 320–21, 92 S.Ct. at 463–64. The Court more recently has noted that:

> The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

*MacDonald*, 456 U.S. at 9, 102 S.Ct. at 1502.

Neither *MacDonald* nor *Marion* support the proposition that the Sixth Amendment speedy trial right attaches prior to arrest, indictment or information. The District of Columbia Circuit Court of Appeals has explicitly recognized that "[t]he Sixth Amendment right to a speedy trial does not attach until the defendant becomes an 'accused' either by means of indictment or information or arrest. *United States v. Pollack*, 534 F.2d 964, 969 (D.C.Cir.1976), *citing United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *accord, United States v. Peters*, 434 F.Supp. 357, 360 (D.D.C.1977), *modified on different grounds*, 587 F.2d 1267 (D.C.Cir.1978). The defendant in the case at bar, as of December 21, 1981, was not arrested, indicted, nor had an information been filed concerning the charges in this case.[1] As of that date, the defendant was a suspect in an ongoing criminal investigation. Both *Marion* and *MacDonald* support the conclusion that the right to a speedy trial does not attach to a citizen in such a position.[2] The Court concludes that defendant's Sixth

1. Defendant claims that the Assistant United States Attorney assigned to represent the government at the removal hearing "accused" her on December 21, 1981. Upon review of the transcript of that proceeding before Magistrate Burnett, this Court concludes that the Assistant United States Attorney did no more than inform the magistrate of a pending criminal investigation in order to provide information potentially useful in determining appropriate bail. No formal accusations relating to the charges in this case were lodged against the defendant.

2. In *Marion*, the defendants were charged with operating a fraudulent home improvement busi-

Amendment right to a speedy trial attached on July 26, 1983, the date of the indictment in this case. Our determination of whether that right was violated in this instance, therefore, is limited to the period subsequent to the filing of the indictment. *Pollack,* 534 F.2d at 969; *see United States v. Parish,* 468 F.2d 1129, 1134 (D.C.Cir.1972), *cert. denied,* 410 U.S. 957, 93 S.Ct. 1430, 35 L.Ed.2d 690 (1973).

█ Trial is scheduled to begin in this case on December 12, 1983. This is less than 5 months from the date of the indictment. The D.C. Circuit has held that cases involving more than six months delay are properly subject to inquiry and a need for justification. *United States v. Lara,* 520 F.2d 460, 464 (D.C.Cir.1975), *citing United States v. Ransom,* 465 F.2d 672, 673 (D.C. Cir.1972). Given these facts, the Court is unable to find a *prima facie* unreasonable delay to pursue defendant's claim any further.

## II. FIFTH AMENDMENT CLAIMS

### THE DEFENDANT HAS FAILED TO SHOW AN ACTUAL IMPAIRMENT OF HER ABILITY TO DEFEND HER CASE

The defendant claims that the indictment should be dismissed on the ground that she has been denied her due process right under the Fifth Amendment to be free from unreasonable and prejudicial pre-indictment delay.[3] Defendant's Memorandum at p. 14.

---

ness. The Supreme Court noted that several newspaper articles had appeared in the *Washington Post* concerning the investigation and the likelihood of indictments being issued against the specific defendants. Despite the adverse publicity, similar to publicity existing in the case at bar, the Court found that the right to a speedy trial did not attach until after the defendants were indicted. 404 U.S. at 313–20, 92 S.Ct. at 459–63. In *MacDonald,* the Court specifically noted that "with no charges outstanding, personal liberty is certainly not impaired to the same degree as it is after arrest while charges are pending." 456 U.S. at 9, 102 S.Ct. at 1502. This statement was made despite the Court's recognition that "the knowledge of an ongoing criminal investigation will cause stress, discomfort, and perhaps a certain disruption in normal life." *Id.*

In *United States v. Marion,* 404 U.S. 307, 325, 92 S.Ct. 455, 466, 30 L.Ed.2d 468 (1971), the Supreme Court set out a two part test for dismissal of an indictment for pre-arrest or pre-indictment delay:

> [t]he Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellee's rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.

Thus *Marion* makes clear that proof of prejudice is generally a necessary element of a due process claim. *United States v. Lovasco,* 431 U.S. 783, 790, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977).

█ Defendant claims that the anxiety caused her by the remarks of the Assistant United States Attorney to Magistrate Burnett constitutes sufficient prejudice to dismiss the indictment. This Court cannot agree. Although the defendant may have suffered some anxiety as the subject of a criminal investigation, such anxiety may be felt and claimed by any citizen under such investigation. Such facts do not constitute the type of prejudice that would substantially affect defendant's right to a fair trial. The defendant does not cite to, and this Court is unable to find any case that supports her position. As such, the Court concludes that the defendant's Fifth Amendment Due Process rights have not been violated.[4]

---

3. Pre-indictment delay must be judged against standards of due process rather than the Sixth Amendment. *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

4. The defendant has also argued that the "major purpose of the present prosecution is to punish Ms. Napper for so vigorously resisting the charges against her in New York." Defendant's Memorandum at p. 15. The only evidence submitted in support of this claim is the timing of the indictment in this case, which was returned just around the time the government faced a potential dismissal of the indictment against the defendant in New York. This evidence, standing alone, is insufficient to show that the indictment was returned to punish the defendant for the lawful exercise of her right to challenge the pending charges in New York.

## III. CONCLUSION

Since less than five months have passed since the return of defendant's indictment in this case, the Court concludes that defendant's Sixth Amendment right to a speedy trial has not been violated. Additionally, since the defendant has failed to show an impairment of her right to a fair trial or enough evidence to infer a retaliatory motive on the part of the government in seeking the indictment, the Court concludes that defendant's Fifth Amendment Due Process rights were not violated. As such, defendant's Motion to Dismiss the Indictment will be denied. The Court will enter an order in accordance with the foregoing of even date herewith.

## ORDER

This matter is before the Court on Defendant's Motion for an Order Prohibiting the Government from Serving "Notice of Appearance" Forms on Prospective Witnesses and the Government's opposition thereto. Defendant claims that these notices, issued in connection with the investigation and preparation for trial of this case, allegedly give prospective witnesses the erroneous impression that they are required to appear for a pre-trial investigative conference with the United States Attorney's Office. Such was not the case with respect to the defendant's daughter in this case, who refused to appear at the United States Attorney's Office for such a conference.

Upon consideration of defendant's motion, the government's opposition, and the representations contained therein, the Court concludes that this matter is moot and thereby denies the motion. The Government has assured the Court that no additional "Notice of Appearance" forms of the type complained about by the defendant will be served on any prospective witnesses in this case. Government's Memorandum at p. 1. In addition, the defendant has not shown any harm caused by the use of these forms. The government's assurance to stop using the forms in this case grants the defendant's requested relief without the need for judicial intervention.

As a final note, the Court recognizes that the Assistant United States Attorney involved with this case, almost immediately upon receipt of the Defendant's motion, indicated the Office's willingness to "reconsider [its] position in regard to the manner in which [it] express[es] [its] conviction that a citizen ... has an obligation to cooperate with law enforcement authorities when asked to do so." Government's Memorandum at p. 2. This is strong evidence of his professionalism, candor and intended good faith, and is consistent with the high quality of character and integrity that he has demonstrated repeatedly over the years in appearing before this Court in the trial of complex and hotly contested cases. Moreover, the Court construes the action of Mr. John Karr, in bringing this matter to the Court's attention as also consistent with his reputation for thoroughness and vigorous representation of his clients which the Court respects.

It is, therefore, this 30th day of November, 1983,

ORDERED that defendant's motion be, and the same is hereby, denied.

In our system of government, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978) (No due process violation found even though defendant was told to plea bargain or face additional indictment). This is so as long as the selectivity in prosecution is not deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. *Id.* The Court cannot conclude based upon the evidence before it, that the indictment was returned in a fashion violative of Due Process. The New York and District of Columbia charges are based upon different conduct, several weeks apart, in different jurisdictions. There is no evidence of a "retaliatory" motive on the part of the government.