Maurice A. RILEY, Appellant,

v.

UNITED STATES, Appellee.

No. 5732.

District of Columbia Court of Appeals.

Argued Jan. 11, 1972.

Decided May 26, 1972.

James Mitchell Jones, Washington, D. C., for appellant.

Ann S. DuRoss, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and John E. Drury, III, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

KELLY, Associate Judge:

We consider here the question of whether a fourteen-month delay between an arrest and a second trial violated appellant's right to a speedy trial guaranteed him by the sixth amendment.[1]

The testimony is that on November 25, 1969 two plainclothes Metropolitan police officers on duty in the Greyhound Bus Terminal at 12th Street and New York Avenue, N. W., noticed appellant and an unidentified young woman engaged in conversation. They observed the young woman go to a vestibule door leading to the street and step in front of an elderly lady carrying several packages, thus momentarily blocking her exit. As the two officers watched, appellant approached the elderly lady from the rear, bumped into her, reached around and unlatched her pocketbook, and removed a green purse. The couple hurriedly left the building and, once outside, appellant was seen by one of the pursuing officers to pass the green purse to the young woman, who immediately fled the scene. Appellant was apprehended and subsequently charged with one count of petit larceny[2] and two counts of assault.[3]

A dispute which arose between appellant and court-appointed counsel about a plea of guilty led appellant to contact another attorney whom he knew. He succeeded in doing so only on the afternoon before trial and on the next morning retained counsel's request for a continuance to prepare the

---

1. We also answer two other arguments advanced by appellant but consider his remaining contentions without merit.

2. D.C.Code 1967, § 22–2202.

3. D.C.Code 1967, § 22–504. The second alleged assault was upon one of the arresting officers.

case was denied upon a Government showing that the complaining witness was from New York. Appellant was found guilty of one count of simple assault and one count of petit larceny, but a subsequent motion for a new trial, filed February 10, 1970, was heard and granted on July 29, 1970.

Retrial was set for October 27, 1970; however, because the Government was experiencing difficulty in obtaining the presence of the complaining witness, it requested and was granted three continuances, thus postponing the proposed trial date to January 21, 1971. The third continuance was allowed despite the fact that on December 11, 1970 the court had ordered that no further continuances be granted.[4] An additional delay resulted from a hearing on the Government's motion, ultimately denied, to introduce the transcript of the complaining witness' testimony at the first trial so that the trial actually commenced on January 25, 1971. Appellant was again convicted of petit larceny and assault, and appeals.

The purpose of the sixth amendment guarantee of a speedy trial is "to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself".[5] And thus the facts and circumstances of each case determine whether a defendant has been denied that constitutional right, with due consideration being given not only to the lapse of time, but also to questions respecting who caused the delay, whether the delay was purposeful, whether prejudice has resulted, and whether there has been any waiver by the defendant.[6] Moreover, in computing the actual time chargeable to the Government, it is not necessary to show that the delay was due to bad faith or chicanery. What must be shown is "that the government has made 'a deliberate choice for a proposed advantage, which caused as much oppressive delay and damage to the defendant as it would have caused if it had been made in bad faith.'"[7]

We do not consider the interval between appellant's arrest and the grant of his motion for new trial in assessing appellant's sixth amendment claim. *Cf.* United States v. Ewell, 383 U.S. 116, 120–121, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). The actual delay attributable to the Government is between the grant of motion for new trial and the new trial itself, a period of less than six months.[8] This delay was not so great as to amount to prejudice per se and there was no showing that the delay was arbitrary, oppressive, vexatious, or "the result of . . . negligence or callous indifference to the requirement of speedy trial".[9] On the contrary, the delay

---

4. One Government continuance is alleged to have been obtained ex parte, without notice to appellant's counsel until after the fact. We cannot properly assess appellant's complaint as to the gross impropriety of the Government's action because the alleged facts are largely undocumented in the record, most appearing only in appellant's brief. We also disregard any references in the Government's brief to reporters' transcripts which are not of record.

5. United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966).

6. United States v. Bishton, —— U.S.App. D.C. —— (No. 71–1307, decided April 17, 1972). *See also* Henson v. United States, D.C.App., 287 A.2d 106 (1972).; United States v. Kramer, D.C.App., 286 A.2d 856 (1972).

7. Bond v. United States, D.C.App., 233 A.2d 506, 512 (1967), quoting Petition of Provoo, 17 F.R.D. 183, 202 (D.Md.), aff'd per curiam, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761 (1955).

8. There is no explanation in the record for the delay between the filing of appellant's motion for new trial and the original date set for hearing this motion. However, appellant raises no objection as to this delay. There were two continuances before the motion was granted, one at the request of the Government and one mutual.

9. Hedgepeth v. United States, 124 U.S. App.D.C. 291, 295, 364 F.2d 684, 688 (1966).

was occasioned by the problems the Government was facing in obtaining the presence of the complaining witness. Additionally, appellant has not shown a reasonable possibility of prejudice because of it. He was not incarcerated during the period of delay, nor is there any indication that the preparation of his defense was hampered by the passage of time. He lost no witnesses between the first and second trial, nor did he claim that his memory had become clouded during the delay.[10] To the contrary, it was the Government which was harmed by the delay because it was no longer able to obtain the presence of the complaining witness.[11] Accordingly, we see no constitutional infirmity in appellant's convictions.

■ We must also reject appellant's contention that the trial court erred in allowing the arresting officers to testify as to the emotional condition of the unavailable complainant following her discovery of the theft. Both officers had sufficient opportunity to observe her emotional condition, and it is the general rule that "testimony of a witness as to the mental or emotional state of another, deduced from observation"[12] is admissible. This did not constitute a denial of the right to confrontation, as claimed by appellant.[13]

■ Finally, we do not accept appellant's argument that the trial court erred in denying his motion for acquittal for insufficiency of the evidence. In rejecting this claim we bear in mind "that a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." [Footnote omitted.] Curley v. United States, 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232 (1947). Only where a reasonable mind cannot fairly make such a conclusion should the motion be granted.

■ Although the complaining witness did not appear at the second trial, there was ample circumstantial evidence to support a finding that the wallet in question belonged to, or was lawfully possessed by her; that it was removed from her pocketbook without her consent, and that the bumping which constituted the assault was also without her consent. It is not essential that the owner of stolen property testify at trial "to establish either ownership or lack of consent when these . . . can be established from other sources."[14] In this case, there was eyewitness testimony by two police officers that appellant bumped into the complaining witness and stealthily removed a wallet from her handbag. There was testimony that he quickly passed the wallet to an accomplice, who hurried from the scene, and that the victim of the crime reacted in an emotional manner upon discovering her loss. There was also expert testimony on the methods by which pickpockets operate. It is our conclusion that this evidence, together with its reasonable implications, suffices to support appellant's convictions.

Affirmed.

10. *See* Harling v. United States, 130 U.S. App.D.C. 327, 401 F.2d 392, reh. denied, (1968), cert. denied, 393 U.S. 1068, 89 S.Ct. 725, 21 L.Ed.2d 711 (1969), for a discussion of the necessity of a showing of prejudice.

11. *Cf.* United States v. Holt, 145 U.S.App. D.C. 185, 448 F.2d 1108 (1971) (separate opinion of Judge Leventhal).

12. 32 C.J.S. Evidence § 546 (38) b (1964).

13. As stated previously, on objection of defendant the court precluded the Government's use of the complainant's testimony at the first trial. *Cf.* United States ex rel. Stubbs v. Mancusi, 442 F.2d 561 (2d Cir. 1971), cert. granted, 404 U.S. 1014, 92 S.Ct. 671, 30 L.Ed.2d 661 (1972).

14. Dickson v. United States, D.C.App., 226 A.2d 364, 365 (1967).