**Tyrone MARSHALL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7589.**

District of Columbia Court of Appeals.

Aug. 8, 1973.

---

Mark W. Foster, Washington, D. C., was on the Motion for Summary Reversal for appellant.

Harold H. Titus, Jr., U.S. Atty., John A. Terry and Stuart M. Gerson, Asst. U.S. Attys., were on the Motion for Summary Affirmance for appellee.

Before REILLY,* Chief Judge, and KELLY and NEBEKER, Associate Judges, in chambers.

## JUDGMENT

PER CURIAM.

This pretrial bail appeal came on for consideration on appellant's motion for summary reversal of the trial court's order respecting pretrial detention and appellee's motion for summary affirmance of said order, and the record on review. Upon consideration of the foregoing, it is

Ordered and adjudged that the pretrial bail order on appeal herein be and the same hereby is affirmed.

Separate Statement by NEBEKER, Associate Judge:

We have sustained, as "supported by the proceedings below", D.C.Code 1972 Supp., § 23–1324(b), an order refusing to modify pretrial bail set in the amount of $10,000.

The order on review is supported by the fact that appellant is charged with robbery and weapon assault in the United States District Court in a case of considerable notoriety. This charge was deemed to stimulate the desire to flee absent the influence of a surety bond. Another factor supporting the trial court order is the possibility of consecutive sentences. Also of considerable importance is appellant's self-oriented pattern of life with little or no recognition of social responsibility.

Appellant sought multi-party, 24-hour custody similar to the frankpledge system discussed in the separate statement in Bouknight v. United States, D.C.App., 305 A.2d 524 (1973). His plan was to be placed in the custody of his father, mother, and grandmother. Understandably, the trial court found these custodians unacceptable and rejected the plan. We find support for that decision since these are, no doubt, the people who have most directly influenced his social development.

A significant aspect of the trial court's action in this case warrants further comment. As observed, a $10,000 surety bond was set and retained along with rejection of appellant's plan for multi-party custody. The trial court appeared to be willing to consider multi-party, 24-hour custody provided custodians acceptable to the court could be found. Our affirmance of the surety bond should not be taken as an indication that money bond or other conditions of release must be set *in addition* to a multi-party, 24-hour custody bail order. Such an order, if supported by the proceedings, will stand on its own and an alternative, such as a surety bond, is an unnecessary condition of release. Thus, had the trial court simply set conditions of release along the lines of the frankpledge system, as suggested by appellant, but remained ready to consider the suitability of other proposed custodians, the bail order need not have been burdened with the excess baggage of an alternative condition.

* Chief Judge Reilly did not participate in the foregoing judgment.