James **COLEMAN**, Jr., Appellant,

v.

**UNITED STATES**, Appellee.

No. 8190.

District of Columbia Court of Appeals.

Submitted Nov. 13, 1974.

Decided Feb. 5, 1975.

---

**356**

Richard Hildreth, Washington, D. C., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, James F. McMullin, Michael O'Bryant and David E. Wilson, Asst. U. S. Attys., were on the brief for appellee.

Before GALLAGHER, YEAGLEY and HARRIS, Associate Judges.

HARRIS, Associate Judge:

The principal charge in a three-count indictment returned against appellant was assault with intent to commit robbery while armed. D.C.Code 1973, §§ 22–501, 22–3202. His original trial date was postponed. During the postponement, Coleman became 22 years of age. He thus lost the opportunity to be sentenced under the Youth Corrections Act, 18 U.S.C. § 5005 et seq. (1970), after he was found guilty at his delayed non-jury trial. He was given an adult sentence of two to six years. Appellant now argues that he was ' denied his Sixth Amendment right to a speedy trial, and that the circumstances which resulted in the continuance of his trial date beyond his 22d birthday deprived him of his right to due process of law under the Fifth Amendment. We affirm.

I

On the evening of May 23, 1973, appellant was one of two men who went to the night deposit slot of the Colonial Parking Company. He was wearing a Colonial Parking Company shirt. Unbeknownst to appellant, a security guard was in the immediate area. When a company employee approached to make a deposit, appellant pulled a gun (actually a starter's pistol) and ordered him to give up the money. The security guard then entered the picture. Appellant started to flee, but turned towards the security officer with the pistol still in his hand. The officer fired one shot, critically wounding appellant.

Coleman spent nearly a month in the hospital. A complaint was filed on June 14, while he remained hospitalized. Presentment was conducted on June 27, and a preliminary hearing was scheduled for July 2. The indictment was returned July 26. At an August 6 arraignment, Coleman pleaded not guilty, and a status hearing was scheduled for September 7. At the status hearing, a trial date of November 2 was set. On November 2, however, the court was occupied by a trial in progress which had taken longer than anticipated. Defense counsel stated: "Any date in January is satisfactory to me." All parties agreed to a continuance of the trial to January 15, 1974. On December 24, 1973, Coleman became 22 years of age.

The trial was conducted on the continued date, less than eight months after the incident (and less than seven months after Coleman left the hospital). There was no contention in the trial court that he had been denied a speedy trial. Having not only been caught in the act of attempted robbery while armed, but moreover having been shot in the process, Coleman did not deny being a participant in the incident. Rather, he chose to advance the defense that he had gone into the alley that night to relieve himself, whereupon an unidentified stranger accosted him with a gun, forcing him to put on a Colonial Parking Company shirt and to seek to rob the first person who came to make a deposit of the company's receipts.

The court found appellant guilty of attempted robbery while armed, and did not reach the two lesser included offenses with which he had been charged. It was Coleman's first adult conviction. However, one week prior to sentencing, he was arrested on another robbery charge. At sentencing, the court noted that his age precluded utilization of the provisions of the Youth Corrections Act, and sentenced him as an adult.

## II

Appellant claims that the 2½-month continuance to which all parties agreed prejudiced him by making him ineligible for Youth Corrections Act treatment. He notes correctly that the record reflects no discussion of this subject when the continuance was agreed to. Appellant has no quarrel with the fairness of his trial, nor with the legality of his sentence. Rather, he argues first that he was denied a speedy trial, and second that he was deprived of due process of law by the fact that the prosecutor, the court, and defense counsel did not discuss the problem of Youth Corrections Act eligibility when the continued trial date was chosen. Neither argument is persuasive.

■ The speedy trial claim borders on the frivolous, and may be disposed of briefly. The length of the continuance was not per se unreasonable or presumptively prejudicial. Nor did the entire period of nearly eight months from arrest to trial by itself constitute a denial of a speedy trial. See Hedgepeth v. United States, 125 U.S.App.D.C. 19, 365 F.2d 952 (1966). The delay was not instigated by the prosecutor. Rather, it was due solely to the court's involvement in other litigation. See United States v. Jones, 154 U.S. App.D.C. 211, 475 F.2d 322 (1972). Appellant made no objection in the trial court to the continuance, nor did he assert any Sixth Amendment rights prior to this appeal. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Further, any prejudice which may have resulted from the delay was not prejudice to one of the enumerated interests the Sixth Amendment was designed to protect. See Barker v. Wingo, supra at 532, 92 S.Ct. 2182; Riley v. United States, D.C.App., 291 A.2d 190, 192 (1972).

■ The due process argument advanced on behalf of appellant is novel. It is keyed solely to the absence of an on-the-record discussion of the Youth Corrections Act possibility at the time a continuance was decided upon. That absence, it is argued by appellant's able and conscientious counsel, constituted a

> . . . lack of diligence by the prosecutor, the court and the defense attorney [which] warrants reversal of Coleman's conviction on due process grounds. * * * [E]ach of the three failed in their respective duties to the accused and to our system of justice. Due process of law is denied where the accused is deprived of effective assistance of counsel. Powell v. Alabama, 287 U.S. 45, 68–71, [53 S.Ct. 55, 77 L.Ed. 158] (1932). And where as here the rights of the defendant were irrevocably destroyed because of unawareness of law basic to the case, the accused cannot be said to have had effective representation.

There are a number of reasons why such an argument fails. For one thing, appel-

lant's trial counsel was thoroughly experienced in handling criminal cases, and the suggestion that he might have been unaware of the effect of a 22d birthday is unacceptable. For another, appellant's present counsel stops short of contending that Coleman himself was unaware of the significance of his reaching the age of 22. While appellant's birthdate is set forth in two places in the record,[1] the fact of a defendant's age is a matter peculiarly within the knowledge of the defendant and his counsel. The possibility of tendering a guilty plea prior to his birthday was a readily available option for appellant, and there is nothing in the record before us to indicate that his decision to go to trial was not a fully informed choice.[2] While the record perhaps would be neater if defense counsel had stated that his client was aware of the Youth Corrections Act ramifications of a continued trial date, neither the government nor the trial court had any obligation to bring up the subject. It scarcely would be appropriate to permit a defendant's silence on a matter of such obviously personal knowledge to result in the later vacation of an otherwise proper conviction. *Cf.* Robinson v. United States, D.C.App., 317 A.2d 508, 512 (1974).

█ Further, appellant did not become subject to being sentenced until a determination of his guilt had been made. At the time the continuance was agreed upon, sentencing questions were purely hypothetical. The later dismissal of the indictment or a judgment of acquittal would have resulted in no sentence at all. In any event, sentencing considerations are irrelevant to whether there is proof of guilt beyond a reasonable doubt. *Cf.* Tatum v. United States, D.C.App., 330 A.2d 522 at 525 (1974).

The record as a whole shows that there is no ineffectiveness issue of any substance. Even assuming arguendo that there had been constitutional ineffectiveness of counsel on the Youth Corrections Act question, appellant would be faced with a claim without a remedy. To be sure, defense counsel should be—and here almost certainly was—aware of such considerations. But if a silent record on the subject somehow were held to warrant a new trial, appellant still would be over 21 on remand. Never again will he be eligible for sentencing under the Act, either in this case or any other. While this fact undoubtedly explains why appellant's counsel asks us to dismiss the indictment (rather than merely directing a new trial), we are satisfied that no aspect of this case calls for reversal.

Affirmed.

---

1. It is contained in both the Determination of Drug Usage form and the Bail Agency Report.

2. Youth Corrections Act sentencing almost invariably entails a 60-day commitment to the custody of the Attorney General for study and evaluation pursuant to 18 U.S.C. § 5010 (e) (1970). It is likely that appellant gambled upon probation in the event of conviction, which would have avoided any period of confinement.