**Willie L. MOORE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9562.**

District of Columbia Court of Appeals.

Argued April 27, 1976.

Decided June 21, 1976.

Robert B. Yorty, Washington, D.C., appointed by the court, with whom Norman L. Eule, Washington, D.C., was on the brief, for appellant.

Frederick A. Douglas, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and William D. Pease, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee. Steven W. Snarr, Asst. U. S. Atty., Washington, D.C., also entered an appearance for appellee.

Before YEAGLEY and HARRIS, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

Found guilty by a jury of second-degree burglary while armed,[1] appellant was sentenced to imprisonment for a term of from three to twenty years. On this appeal the only contention of substance is that the delay of eight months between arrest and trial deprived appellant of his right to a speedy trial.[2] We conclude after review of the record that appellant's speedy trial claim must be rejected.

Appellant was arrested on May 29, 1974, accused by warrant of participation in a burglary and robbery at a restaurant. Probable cause having been found, a surety bond in the sum of $5,000 was exacted and upon appellant's failure to post the bond, he was incarcerated.

---

1. D.C.Code 1973, §§ 22–1801(b), 22–3202.

2. In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. U.S.Const. amend. VI.

On July 3, 1974, a thirteen-count indictment was returned charging appellant with various criminal offenses including second-degree burglary while armed, armed robbery and lesser included offenses. He was charged also with possession of a prohibited weapon.

At arraignment on August 9, 1974, appellant entered a plea of not guilty to the counts of the indictment and the case was calendared for trial on September 18, 1974. Because of the hospitalization of an eyewitness to the alleged offenses, the case when called for trial was, on motion of the government and with the consent of appellant's counsel, continued until October 15, 1974.

Five days prior to the new trial date the government requested a further continuance, representing to the court that the witness remain hospitalized and that another eyewitness was also hospitalized. Appellant opposed any further continuance and asserted his right to a speedy trial. He also sought to have reviewed the conditions and terms set for his release. Over appellant's objection the case was reset for trial on November 25, 1974.

On October 18, 1974, the trial court, not satisfied that appellant would comply with other terms of release, denied his motion for release into third-party custody.[3] The court denied also appellant's motion to dismiss the indictment because of the government's delay in the prosecution.[4]

Because of the crowded court docket the case was not reached for trial on November 25, 1974 or on December 20, 1974, and on the latter date was reset for trial on January 21, 1975. At that time the trial court first considered and disposed of appellant's second motion to dismiss the indictment for want of a speedy trial,[5] saying:

> The Court concludes, based on the evidence that has been heard and received in this case, no showing of any prejudice to the defendant by virtue of the eight months delay between the arrest and this date for trial. It certainly would have been preferable to have tried him at an earlier date; but the eight months of itself is not a basis to dismiss. . . .

The case was then called for trial and there was evidence from which the jury could have found as it apparently did that appellant while armed participated in a burglary at the W & S Buffeteria, located at 2335 Bladensburg Road, N.E.[6] Appellant does not now challenge the jury verdict, but urges nevertheless that this court sustain his speedy trial claim and remand with directions to dismiss the indictment.

 The Sixth Amendment right to a speedy trial is, of course, basic in our criminal justice system. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L. Ed.2d 1 (1967). It is, however, well settled that a showing of something more than mere delay between arrest and trial is

---

3. On appeal, as permitted by D.C.Code 1973, § 23-1324, from the denial of the motion for release into third-party custody, this order by order entered November 18, 1974, summarily affirmed. *Moore v. United States*, D.C. App. No. 9825. On December 10, 1974, we denied appellant's motion for clarification of our November 18, 1974 order. *See Marshall v. United States*, D.C.App., 308 A.2d 766 (1973).

4. Super.Ct.Cr.R. 48(b) provides in part that "if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment. . . ." *See United States v. Mack*, D.C.App., 298 A.2d 509 (1972).

5. Appellant urged, in this motion filed January 16, 1975, that he had been incarcerated for eight months and that the delay had "increased the opportunity of an in court identification [by the witnesses to the offense]." He urged also that the District of Columbia Bail Agency had failed to make the biweekly reports required by Super.Ct.Cr.R. 46(d).

6. The court, on appellant's motion, entered at the conclusion of the government's case a judgment of acquittal as to the counts of the indictment charging lesser included offenses of armed robbery. The jury acquitted appellant of all remaining charges except burglary in the second degree while armed.

required before any such delay can be deemed to possess constitutional dimensions. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Coleman v. United States,* D.C.App., 332 A.2d 355 (1975).

In the *Barker* case the Supreme Court identified four factors for consideration in the disposition of speedy trial claims: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker v. Wingo, supra,* 407 U.S. at 530, 92 S.Ct. 2182. But the Court made it clear that no one of these four factors should be regarded

> as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such circumstances as may be relevant. [*Id.* at 533, 92 S.Ct. at 2193.]

*See also United States v. Jones,* 524 F.2d 834 (D.C.Cir., 1975); *United States v. Brown,* 172 U.S.App.D.C. 1106, 520 F.2d 1106, 1110 (1975).

▪ We note in this connection that the delay in the case at bar was approximately eight months[7] and that it was attributed first to the hospitalization of government witnesses and later to a crowded court docket. *See Barker v. Wingo, supra,* 407 U.S. at 531, 92 S.Ct. 2182. Under the case law of this jurisdiction a delay for such reasons and of such length is not prima facie a violation of the right to a speedy trial. *United States v. Mack,* D.C.App., 298 A.2d 509, 511 (1972); *United States v. Jones, supra; United States v. Holt,* 145 U.S.App.D.C. 185, 448 F.2d 1108 (1971); *Hedgepeth v. United States [Hedgepeth I],* 124 U.S.App.D.C. 291, 294,

364 F.2d 684, 687 (1966); *See also United States v. Douglas,* 164 U.S.App.D.C. 144, 504 F.2d 213 (1974); *United States v. Parish,* 152 U.S.App.D.C. 72, 80, 468 F.2d 1129, 1137 (1972); *Hedgepeth v. United States [Hedgepeth II],* 125 U.S.App.D.C. 19, 365 F.2d 952 (1966); *cf. United States v. Calloway,* 164 U.S.App.D.C. 204, 505 F.2d 311 (1974).

Moreover, during the first two months of that period the parties were concerned primarily with such routine matters as the preliminary hearing, the return of the indictment, and the arraignment. *See United States v. Bishton,* 150 U.S.App.D.C. 51, 54 n.2, 463 F.2d 887, 890 n.2 (1972). Thus, it seems clear that the reasons for the delay were, under the circumstances of this case, no more unusual than the length of the delay. *Barker v. Wingo, supra,* 407 U.S. at 531, 92 S.Ct. 2182; *Blunt v. United States,* 131 U.S.App.D.C. 306, 310, 404 F.2d 1283, 1287 (1968), *cert. denied,* 394 U.S. 909, 89 S.Ct. 1021, 22 L.Ed.2d 221 (1969); *cf. United States v. Lara,* 172 U.S.App. D.C. 460, 520 F.2d 460 (1975).

With respect to the third factor identified in *Barker v. Wingo, supra,* it appears that appellant, although incarcerated, did not assert his right to a speedy trial until almost 4½ months after his arrest and then only when the government sought a second continuance.[8] *See United States v. Parish, supra. See also Bond v. United States,* D.C.App., 233 A.2d 506, 513 (1967); *Hedgepeth II, supra.*

But whatever may be said of appellant's diligence in asserting his right we are unable to find in this record the required showing of prejudice resulting from the delay. True it is that appellant was incarcerated during the entire period between arrest and trial but absent any showing of purposeful or unnecessary delay in bring-

---

7. The length of any such delay is computed from the date of the arrest to the date of trial and not, as appellant contends from the date of the arrest to the imposition of sentence. *See United States v. Brown, supra.*

8. Appellant, of course consented to the first continuance. Subsequent to the second continuance granted at the request of the government, the delays were all occasioned when the court could not reach the case for trial.

ing him to trial, or the loss of evidence crucial to his defense, we cannot say that such prejudice resulted as to require the dismissal of the indictment. *See Barker v. Wingo, supra,* 407 U.S. at 532–33, 92 S.Ct. 2182; *Coleman v. United States, supra* at 357; *Smith v. United States,* 135 U.S. App.D.C. 284, 418 F.2d 1120 (1969); *Hedgepeth II, supra; cf. United States v. Brown, supra.*

In his motion to dismiss the indictment for want of a speedy trial appellant based his claim of prejudice solely upon assertions that the delay (1) had exposed him to the threat of homosexual assaults and (2) "increase[d] the opportunity of an in court identification [by the eyewitnesses to the offense]". He now contends, and for the first time, that his incarceration and the delay in bringing him to trial may have caused him to lose the testimony of a valuable witness, one Al Sherman, who allegedly left the jurisdiction sometime after the arrest.[9]

We have found nothing in the record to support this contention. There is no showing whatsoever that appellant desired to call any such witness nor was there a proffer as to his testimony. Appellant did apply to the court for three subpoenas but none was for Al Sherman. Since there was every indication at the trial that appellant relied for his defense upon an alibi it seems strange indeed that he did not bring to the attention of the trial court any con-

cern he may have had to obtain the testimony of Al Sherman.[10] Thus our consideration of the fourth factor leaves us unpersuaded that appellant was prejudiced in any constitutional sense by the eight-month delay in bringing him to trial.[11] *Barker v. Wingo, supra. See also United States v. Jones, supra* and *United States v. Jones,* 154 U.S.App.D.C. 211, 475 F.2d 322 (1972).

Appellant claims error also stemming from the "failure of the appropriate agencies to prepare and file the prescribed pretrial detention reports." The District of Columbia Bail Agency is required by D.C. Code 1973, § 23–1303(h)(6) to

> prepare, in cooperation with the United States marshal . . . and the United States attorney . . . such pretrial detention reports as are required by Rule 46(h) of the Federal Rules of Criminal Procedure; . . .[12]

The preparation and filing of such reports serves a very useful purpose in the criminal justice system and no good reason appears why the Bail Agency failed to discharge that responsibility. The trial court, of course was aware of appellant's continued incarceration because it refused to release him into third-party custody or to set other terms for his release.[13] We are satisfied, therefore, that the derelictions of the Bail Agency in this regard did not prejudice appellant's right to a speedy trial.

*Affirmed.*

---

9. Appellant represents that his automobile, found at the scene of the burglary, had been stolen and that he did not report the theft because he felt obligated to first check with Al Sherman who had keys to the automobile.

10. Appellant was identified by the two victims of the burglary, both of whom had known him as a former employee at the restaurant.

11. In *Barker v. Wingo, supra,* a delay of more than five years was excused because of

the absence of any clear showing of prejudice affecting substantial rights.

12. *See also* Super.Ct.Cr.R. 46(d). We note that under Fed.R.Crim.P. 46(g) the exclusive responsibility for preparing such reports is upon the United States Attorney.

13. We refused to disturb the trial court's judgment. *Moore v. United States, supra.*