**UNITED STATES, Appellant,**

v.

**Ronald A. PERKINS, Appellee.**

**No. 11077.**

District of Columbia Court of Appeals.

Argued Feb. 16, 1977.

Decided June 3, 1977.

Mary Ellen Abrecht, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Sil-

bert, U. S. Atty., John A. Terry and Noel A. Kramer, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellant.

Judith Faye Dobkin, Washington, D.C., for appellee.

Before NEWMAN, Chief Judge, and KELLY and HARRIS, Associate Judges.

KELLY, Associate Judge:

The chronological sequence of events underlying this government appeal[1] from the dismissal of an information against appellee for want of a speedy trial is as follows.

Appellee was arrested on July 27, 1975, for possession of a prohibited weapon [blackjack] in violation of D.C.Code 1973, § 22–3214 and for carrying a deadly weapon in violation of D.C.Code 1973, § 22–3204. He was arraigned on July 31, and trial was set for October 9, 1975. Appellee was released on his personal recognizance pending trial.

On September 11, 1975, defense motions which were filed with permission of the court on August 21 were heard.[2] On October 9, both sides announced that they were ready for trial, but because of a crowded court calendar the trial was continued to January 7, 1976. Defense counsel caused postponement for two more months by asking on December 11, 1975 for a continuance until March 10, 1976 to allow transfer of the case to another student attorney. The parties were ready for trial on March 10, but again court congestion necessitated a continuance to May 6. On May 4, defense counsel's motion to dismiss for want of speedy trial, filed April 12, 1976,[3] was heard and denied. Court calendar congestion caused still another continuance from May 6 to July 6, 1976. On May 14, 1976, appellee filed a second motion to dismiss the infor-

mation for lack of speedy trial. This motion was granted on May 25 by the same judge who had denied the earlier motion on May 4.

■ In summary, there was a forty-nine week interim between arrest and the pending trial date at the time the trial judge deliberated on appellee's second motion to dismiss for lack of speedy trial. Before the original trial date of October 9, 1975, pretrial proceedings progressed on reasonable schedule. After that date, two months of the nine-month delay were lost due to the transition to new student defense counsel.[4] All further delay resulted from an overcrowded court calendar and was in no way precipitated by either party.

■ The government asks on appeal whether the prosecution is to be charged with delays due to court congestion over which it has no control in evaluating a speedy trial motion and, assuming the government is so chargeable, whether the trial court correctly applied the balancing test from *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in this case. The test set forth in *Barker* is a comparative weighting of the length of delay, cause of delay, timeliness of defendant's demand for trial, and a showing of prejudice from the delay. Within this framework, and addressing the first issue raised, we think it settled that the period of postponement of trial due to a crowded court docket, so-called "neutral" delay,[5] is time which is chargeable to the prosecution. We add, however, that as to this delay the weight against the prosecution and in a defendant's favor is less onerous and more easily outweighed by late demands and low thresholds of prejudice than cases of inten-

---

1. D.C.Code 1973, § 23–104(c).

2. A motion to dismiss the information on grounds of the unconstitutionality of D.C.Code 1973, § 22–3214(a) was denied, as was the motion to suppress tangible evidence. The motion to suppress certain statements was granted.

3. The motion was filed ten months after arrest and six months after the first delay of trial.

4. Because the case did not come to trial within the academic term on the basis of the first continuance due to court congestion, it had to be turned over to a different student. The court properly charged appellee with responsibility for that delay.

5. *Barker v. Wingo, supra* at 531, 92 S.Ct. 2182.

tional or negligent delay caused by the prosecution. The clear language of *Barker v. Wingo, supra* at 529–31, 92 S.Ct. at 2191–2192, is:

> [T]he rule we announce today, . . . places the primary burden on the courts and the prosecutors to assure that cases are brought to trial. . . .
>
> \* \* \* \* \* \*
>
> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant. . . . [Footnote omitted.]

See *United States v. Jones,* 173 U.S.App. D.C. 280, 524 F.2d 834 (1975); *United States v. West,* 164 U.S.App.D.C. 184, 504 F.2d 253 (1974); *United States v. Cooper,* 164 U.S. App.D.C. 191, 504 F.2d 260 (1974); *United States v. Jones,* 154 U.S.App.D.C. 211, 475 F.2d 322 (1972).[6]

Two cases in which delay due to calendar congestion brought about speedy trial claims in this court were *Moore v. United States,* D.C.App., 359 A.2d 299 (1976); and *Coleman v. United States,* D.C.App., 332 A.2d 355 (1975). In *Coleman* the original trial date in November was postponed due to court congestion. Defense counsel had agreed to the two-month delay in trial date without reservation. During the interim, Coleman became twenty-two years of age and ineligible for sentencing under the Youth Corrections Act after his trial in January only eight months after arrest. While we did not in that case squarely apply the *Barker* test or speak directly to the government's responsibility for neutral delay, we succinctly dismissed the speedy trial argument by concluding that "[t]he

length of the continuance [2 months] was not per se unreasonable or presumptively prejudicial," *Coleman v. United States, supra* 332 A.2d at 357, noting that the trial was held well before prima facie merit attached to the claim. We did cite *United States v. Jones,* 154 U.S.App.D.C. 211, 475 F.2d 322 (1972), however, which held that neutral delays "like overcrowded courts" are to be weighted less heavily, but nonetheless are to be counted since "the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker v. Wingo, supra* 407 U.S. at 531, 92 S.Ct. at 2192.

Subsequently, in *Moore v. United States, supra,* this court found that a delay of eight months from arrest to trial was not a denial of a speedy trial where two months of the delay were due to the illness of a government witness and two months after that were lost due to court congestion, saying that "[u]nder the case law of this jurisdiction a delay for such reasons and of such length is not prima facie a violation of the right to speedy trial." *Id.* 359 A.2d 302 at 302.

The forty-nine week delay in this case falls short of the one year period after which prima facie merit attaches to a constitutional claim of a denial of speedy trial. *See Branch v. United States,* D.C.App., 372 A.2d 998 (1977); *United States v. Mack,* D.C.App., 298 A.2d 509 (1972); *United States v. Holt,* 145 U.S.App.D.C. 185, 448 F.2d 1108, *cert. denied,* 404 U.S. 942, 92 S.Ct. 292, 30 L.Ed.2d 257 (1971); *Hedgepeth v. United States,* 124 U.S.App.D.C. 291, 364 F.2d 684 (1966). There can, of course, be a denial of speedy trial when the delay has been less than one year in duration, *see, e. g., United States v. Young,* D.C.App., 237 A.2d 542 (1968), but it is generally recognized that there should be greater tolerance for delay when crimes are of a more serious nature and where issues of proof become more complicated.

---

**6.** *See also Dickey v. Florida,* 398 U.S. 30, 38, 51, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (Brennan, J., concurring); *United States v. Sarvis,* 173 U.S.App.D.C. 228, 523 F.2d 1177 (1975); *United States v. Toy,* 157 U.S.App.D.C. 152,

482 F.2d 741 (1973); *United States v. Parish,* 152 U.S.App.D.C. 72, 468 F.2d 1129 (1972); *United States v. Avalos,* 541 F.2d 1100 (5th Cir. 1976); *United States v. Fay,* 505 F.2d 1037 (1st Cir. 1974).

To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge. [*Barker v. Wingo, supra* 407 U.S. at 531, 92 S.Ct. at 2192.]

 The offenses charged in this case were simple possession misdemeanors which the court was unable to reach for trial on three separate occasions over a span of nine months. Nevertheless, while the delay seems excessive for offenses of this nature, this delay is but one factor by which a speedy trial claim is weighed. Also in appellee's favor was the fact that he moved to dismiss for lack of speedy trial on April 12, 1976, and renewed the motion in May. Appellee was ready for trial on all trial dates except during a brief change of counsel and his demand for trial was timely.

Significantly, however, there is in this case a clear lack of substantial prejudice to appellee by reason of the delay, a factor which weighs heavily in the government's favor. The trial court was free to and did consider the anxiety suffered by appellee while awaiting the outcome of trial and its attendant impact upon his search for employment, and to consider also the time he lost from his work-study program at the Washington Technical Institute due to attendance for a trial which was repeatedly postponed. On the other hand, appellee was not incarcerated during the delay and the nature of the charges was such that the defense could not easily have been affected by delay. Basically, the proof at trial would have been a matter of the police officer's credibility and the introduction of the confiscated weapon. There were no identification or alibi issues where time could have eroded the reliability of any defense testimony. Therefore, while the trial court could conclude that the delay caused some prejudice to appellee, the prejudice had to be minimal at best.

On balance, we conclude that while the delay in this misdemeanor case was undesirable and appellee did assert timely his right to a speedy trial, he himself was not without fault in that at least two months of the delay was at his request and he failed to present any evidence of material prejudice resulting from the delay. Tipping the scales against the trial court's ruling is, in our judgment, the significant fact that a mere twenty days before the dismissal of the information the same trial judge had found no abrogation of appellee's constitutional right to a speedy trial. Such a fine distinction cannot be justified nor can it be sustained.

*Reversed.*